[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: MOTION FOR SUMMARY JUDGMENT #131
On July 3, 2000, the plaintiff, Rita Merdinger, filed this action against the defendants, James F. Sullivan, in his capacity as commissioner of the state department of transportation, and the town of Ridgefield (town), seeking damages for injuries allegedly sustained as a result of a fall on Main Street in Ridgefield due to the dangerous and defective condition of the road and crosswalk in which the plaintiff was walking. The plaintiff filed a two count amended complaint on February 21, 2001, seeking damages against the commissioner pursuant to General Statutes § 13a-144 (count one) and against the town pursuant to General Statutes § 13a-149 (count two).
On January 22, 2002, the town filed a notice of service of a request for admissions upon the commissioner, requesting that the commissioner admit or deny that (1) based on the plaintiffs description of the place of her fall, the fall occurred on a state roadway and (2) the town had no maintenance responsibilities where the fall occurred and was not bound to keep the state road in repair. On January 25, 2002, the commissioner moved for a thirty day extension of time within which to respond to the town's request for admissions, which was granted by this court on CT Page 8203-af February 11, 2002. To date, however, the commissioner has not responded to the town's request for admissions.
On April 30, 2002, the plaintiff filed a motion for summary judgment against the commissioner asserting that "there is no genuine issue as to any material fact as to the ownership of the property upon which the Plaintiff sustained injuries." In support of her motion, the plaintiff filed a memorandum of law, attaching a copy of the town's request for admissions that were served upon the commissioner (Exhibit A) and the affidavit of Charles R. Fisher, the town engineer (Exhibit B). The plaintiff argues that due to the commissioner's failure within thirty days to respond, object or request additional time to respond to the town's request for admissions, the fact of the state's ownership of the roadway is deemed admitted pursuant to Practice Book § 13-23(a). Further, Fisher attests that the fall occurred within a state right-of-way and that the town has no maintenance responsibilities within that area. (Affidavit of Charles R. Fisher, September 25, 2001, ¶¶ 2, 3.) The plaintiff therefore "requests this Court to enter Summary Judgment as to the ownership of the property. . . ." (Plaintiffs Memorandum, p. 4.) The commissioner has filed no opposition to the plaintiffs motion for summary judgment.
The plaintiffs motion for summary judgment is procedurally improper for at least two reasons. First, summary judgment procedure is appropriate as to complaints, counterclaims, cross complaints and any count thereof. See Practice Book § 17-44; see also Condor Capital Corp. v. Michaud, Superior Court, judicial district of Hartford, Docket No. 588911 (July 25, 2000, Peck, J.) (27 Conn.L.Rptr. 697, 700); Star Distributors v.Post Liquors, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 56867 (February 23, 1998, Flynn, J.). In the present case, the plaintiff does not move for summary judgment as to the complaint, or as to any count thereof, but rather she asks for "judgment" as to one fact material to her action, namely, that of ownership of the property where she allegedly fell. Just as the Superior Courts have held that the rules of practice make no provision for summary "judgment" to be obtained as to a special defense; see, e.g., Condor Capital Corp. v.Michaud, supra, 27 Conn.L.Rptr. 700; Star Distributors v. PostLiquors, Inc., supra, Superior Court, Docket No. 56867; First Lake Corp.v. Buckley, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556024 (February 23, 1998, Satter, J.); the rules of practice similarly make no provision for a party to obtain "judgment" as to one particular factual issue involved in the action.
Second, on January 10, 2002, a pretrial conference was held, at which time this case was assigned a trial date of June 6, 2002. Practice Book § 17-44 provides in relevant part that "any party may move for a CT Page 8203-ag summary judgment at any time, except that the party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial." Despite the fact that this case has been assigned for trial, the plaintiff neither requested nor obtained the court's permission to file the present motion for summary judgment before doing so on April 30, 2002.
Finally, in addition to being procedurally defective, the plaintiff's motion is substantively insufficient. Although the fact of ownership may very well be admitted by the commissioner, the plaintiff has not established that she is entitled to judgment as a matter of law based simply on this one undisputed fact. Material factual issues remain as to sufficient notice, sole proximate cause and the plaintiffs exercise of due care. Each allegation made by the plaintiff as to these facts is denied by the commissioner in his answer, and the plaintiff neither briefs nor offers any evidence to establish the lack of any genuine issue as to these material facts. On a motion for summary judgment, "[tlhe party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . (Internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v.Washington, 258 Conn. 553, 559, 783 A.2d 993 (2001). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). The remaining factual issues are clearly material to the ultimate determination of liability on the part of the commissioner. The plaintiff, having offered no proof as to these material facts, has failed in her burden of establishing the lack of any genuine issue of material facts and, thus, is not entitled to judgment against the commissioner as a matter of law.
Accordingly, for all of the foregoing reasons, the plaintiff s motion for summary judgment is denied.
 ___________________ White, J.